QUINN *v.* BRITTAIN and another.

---

A receiver is not appointed against a mortgagee in possession, who will swear that something remains due.

---

*April 22,
1839.*

*Receiver
where mort-
gage is un-
paid.*

JUDGMENT creditor's bill against Brittain ; and charging that the other defendant, Jones, to whom Brittain had assigned leasehold premises by way of mortgage, had been fully paid. Motion for a receiver, especially of the property held by Jones (who occupied part of it himself.) The defendant Jones denied having been satisfied. He showed, by answer, as well as by an affidavit, that he had not collected sufficient rents to satisfy his claim ; and also, that he was solvent, and able to respond.

Mr. *Lozier* and Mr. *John McKeon,* for the motion.

Mr. *Charles Edwards,* in opposition.

THE VICE-CHANCELLOR :—The defendant Jones is a mortgagee in possession of the leasehold premises. He avers in

his answer, and in opposition to the present motion, that he has not been paid his debt, nor realized from the rents any thing like the amount for which he holds the premises as security. He swears also, that he is not insolvent or embarrassed in his pecuniary affairs; and is abundantly able to account and respond for what he may receive. It is not the practice of the court to appoint a receiver against a mortgagee in possession, so long as he will swear there is a balance due him. Although the fact may be contested, the court cannot determine it on affidavits: *Berney* v. *Sewell*, 1 Jac. & Walk. 627; *Rowe* v. *Wood*, 2 Ib. 557; *Quarrell* v. *Beckford*, 13 Ves. 377; 1 Powell on Mortgages, 299.

The defendant is liable to account for all the rents he may receive and for the yearly value of such parts of the premises as he, himself, occupies and for all such rents as ought, with proper care and attention, to be derived from the premises and which may be lost by his negligence or improper management. When an account comes to be taken, under a decree to be made in this cause, as between all the parties, justice will be done to each one without the intervention of a present receivership.

Motion denied. Costs to abide event.