# NEW YORK COMMON PLEAS.

## THE NEW YORK LIFE INSURANCE COMPANY agt. GLASS and others.

*Appointment of receiver on foreclosure of first mortgage — second mortgagee being in possession.*

Where the subsequent or second mortgagee forecloses and buys in the premises for less than the amount of his mortgage and takes possession as purchaser, he is not compelled to account to the prior or first mortgagee for the rents as he would be if he was in possession as mortgagee only.

Therefore, where the premises are of doubtful security for the first mortgage, the first mortgagee may have a receiver appointed and he will be required to account to the purchaser for any balance after the first mortgage is satisfied.

*Special Term, August,* 1875.

APPLICATION by plaintiffs, who hold the first mortgage on the premises, for the appointment of a receiver *pendente lite* for the foreclosure of their mortgage.

The defendant Lee, who held a subsequent mortgage on part of the premises, is now in possession of that part, having foreclosed his mortgage and bought in the premises. The other portion of the premises is in possession of Miss Craske (not a party to this action, nor a tenant of mortgagor), a purchaser of the premises, and holds a deed which she claims was executed and delivered, but not recorded prior to the commencement of this action.

J. F. DALY, *J.* — As to the portion of the premises occupied by Miss Craske, the motion for a receiver must be

denied, as she is not a party to the action, nor a tenant of the mortgagor, but a purchaser by deed from one Elliot, who purchased from one Renton, who purchased from the mortgagor Glass (*See Insurance Co.* agt. *Stebbins*, 8 *Paige*, 560). As to the portion of the premises occupied by defendant Lee, the latter contends that he is a mortgagee in possession, is perfectly responsible, and that a receiver cannot be appointed of the rents and profits of the premises while his mortgage debt remains unsatisfied. The counsel states the rule correctly as laid down in the authorities (1 *Hillard on Mort.*, 477 [3d ed.] ; *Rex* agt. *Moore*, 1 *Jac. & Wal.*, 552 ; *James* agt. *Brickford*, 13 *Vesey*, 377 ; *Bolles* agt. *Duff*, 45 *How. P. R.*, 483 ; *Quinn* agt. *Britton*, 3 *Edw. Ch.*, 314 ; *Patten* agt. *Ac. Trans. Co.*, 4 *Abb.*, 235). The rule is applied where the mortgagee in possession is the first mortgagee whose claim is unsatisfied and the parties applying for the receiver hold liens subsequent to his mortgage. But I know of no case where the rule has been applied against the holder of the prior mortgage and in favor of a subsequent mortgagee, if there be doubt as to the mortgaged premises being adequate security for the first mortgage, interest on it and taxes. The subsequent mortgagee is entitled to a receiver if the first mortgagee be not in possession, but without prejudice to the latter taking possession ; but if the first mortgagee be in possession, the second mortgagee must redeem (1 *Jac. & Walker*, 647, *supra*). In this case the subsequent mortgagee foreclosed and bought in the premises. The premises did not bring the amount of his mortgage. He claims the right to remain in possession until his debt is satisfied. But I am of the opinion that his position differs from what it would have been if he were in possession as mortgagee only and not as purchaser. In the former case he would be compelled to account for what he received in excess of his mortgage and interest, but I am not aware that as purchaser on the foreclosure he could be compelled to account to the prior mortgagee for the rent. That being the case,

the prior mortgagee should have a receiver appointed, and he will have to account to the purchaser for any balance after the first mortgage is satisfied. Further proof as to the value of the premises will be required before I feel justified in ordering the appointment of a receiver, and this motion will be held open for such proofs, to be furnished within ten days from date, August 10, 1875.